GARY M. LEVITT
841 Bishop Street, Suite 2210
Davis Pacific Center
Honolulu, Hawaii 96813-3917
Telephone: (808) 224-5545
Facsimile: (808) 239-4475
E-mail: levitt@hawaii.rr.com

Brent H. Blakely (*admitted pro hac vice*)
bblakely@blakelylawgroup.com
Michael Marchand (*admitted pro hac vice*)
mmarchand@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
Facsimile: (310 546-7401

Attorneys for Plaintiffs
Coach, Inc. and Coach Services, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> JEANS WAREHOUSE, INC., a Hawaii Corporation; J & H TRADING, INC.; and DOES 1-10, inclusive, <br><br> Defendants. <br> _____ | CIVIL CASE NO. 14-00475-SOM-RLP <br><br> PLAINTIFFS' FIRST AMENDED COMPLAINT |

1

## COMPLAINT

Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively "Coach" or "Plaintiffs") for their claims against **Defendants Jeans Warehouse, Inc. and J & H Trading, Inc.** (collectively "Defendants") respectfully allege as follows:

## PARTIES

1.      Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the state of Maryland, with its principle place of business in New York, New York.  Plaintiff Coach Services, Inc., a wholly owned subsidiary of Coach, Inc., is a corporation duly organized and existing under the laws of the State of Maryland with its principle place of business in Jacksonville, Florida.  Plaintiffs Coach, Inc. and Coach Services, Inc. will hereinafter be collectively referred to as "Coach."

2.      Upon information and belief, Defendant Jeans Warehouse, Inc. ("Jeans Warehouse") is a corporation duly organized and existing under the laws of the State of Hawaii with an office and principle place of business at 2612 Waiwai Loop, Honolulu, Hawaii 96819.

3.      Upon information and belief, Defendant J & H Trading, Inc. ("J & H

2

Trading") is a corporation duly organized and existing under the laws of the State of California with an office and principle place of business at 2987 South Alameda Street, Los Angeles, California 90058.

4.      Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiffs are informed and believe and based thereon allege that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

5.      Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inactions ratified and encouraged such acts and behavior.  Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive have a non-delegable duty to prevent or cause such acts and the behavior

described herein, which duty Defendants and DOES 1 through 10, inclusive, failed and/or refused to perform.

## <u>VENUE AND JURISDICTION</u>

6.      Plaintiffs file this action against Defendants for trademark counterfeiting, trademark infringement, and trade dress infringement under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and related claims of unfair competition under the statutory law of the State of Hawaii.

7.      This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement claims and all remaining claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

8.      This Court has personal jurisdiction over Defendants because Defendants do business within this judicial district, the acts complained of occurred in this judicial district, and/or Defendants have certain minimum contacts with Hawaii such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice by virtue placing the products at issue into the stream of commerce within the State of Hawaii.

9.      This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendants within this judicial district.

Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims

asserted arise in this district.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. The World Famous Coach Brand and Products

10.     Coach was founded seventy years ago as a family-run workshop in

Manhattan, New York. Since then Coach has been engaged in the manufacture,

marketing and sale of fine leather and mixed material products including handbags,

wallets, and accessories including eyewear, footwear including shoes, jewelry and

watches. Coach sells its goods through its own specialty retail stores, department

stores, catalogs and via an Internet website www.coach.com throughout the United

States, including Hawaii.

11.     Coach has used a variety of legally-protected trademarks, design

elements and copyrights for many years on and in connection with the advertisement

and sale of their products, including but not limited to, those detailed in this

Complaint.

12.     Coach has expended substantial time, money, and other resources in

developing, advertising, and otherwise promoting the Coach Trademarks. As a

result, products bearing the Coach Trademarks are widely recognized and

exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning. Coach products have also become among the most popular in the world [with Coach's annual global sales reaching nearly four billion dollars ($4,000,000,000)].

**B. The Coach Trademarks**

13.    Coach is the owner of the following United States Federal Trademark Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, cellular phone cases satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | August 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 14 for Leather Goods, namely, Utility Kits, Portfolios, Key Cases, Comb Cases, Pass Cases, Money Clips, Billfolds, Wallets, Pocket Secretaries, Stud Cases, Jewel Cases, and Leather Book Covers. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for eyeglasses. | May 15, 2001 | COACH |
| 4,105,689 | COACH | 9 for sunglasses. | February 25, 2012 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 1,846,801 | COACH | 25 for *inter alia* men□s and women□s coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* clothing for men, women and children namely, coats, jackets, overcoats, raincoats, shirts, vest, scarves, shoes and belts. | March 9, 1999 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women□s handbags and men□s and women□s belts. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 4,168,626 | COACH NEW YORK | 18, 25 for briefcases, satchels, tote bags, duffle bags, key cases, coin cases, wallets, hats, caps, gloves, coats, jackets, vests, shirts, overcoats, raincoats, scarves, ties, shoes and belts. | July 3, 2012 | COACH NEW YORK |
| 4,296,584 | COACH NEW YORK | 9, 16 for cases for eyeglasses and sunglasses, sunglasses and spectacles, calendars and diaries | February 26, 2013 | COACH NEW YORK |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,413,536 | COACH EST. 1941 STYLIZED | 14 for jewelry | April 15, 2008 | |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 for retail services. | June 15, 1999 | |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* watches. | November 9, 1999 | |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women, namely, coats, jackets, scarves, shoes, and belts. | June 30, 1998 | |
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, computer cases, briefcases, satchels, duffel bags, hats, caps and gloves. | March 18, 1997 | |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women□s handbags and men□s and women□s belts. | August 9, 1977 | |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods, namely, wallets, handbags and shoulder bags. | December 19, 1984 | |

8

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 |  |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 |  |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 |  |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 |  |
| 2,832,589 | CC & DESIGN (Signature C) | 6, 9, 14, 18, for *inter alia* sunglasses and eye glass cases, leather goods,  metal key fobs, leather key fobs jewelry, watches, umbrellas | April 13, 2004 |  |
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing namely, scarves, belts, gloves , hats, shoes, coats, jackets. | July 9, 2002 |  |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services. | March 16, 2004 |  |
| 4,365,898 | COACH Signature C Design | 9 for Protective covers and cases for cell phones, laptops and portable media players | July 9, 2013 |  |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 |  |

9

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, wallets, umbrellas, fabrics for the use in manufacturing clothings, shoes and handbags and clothing namely scarves, hats, caps and shoes. | November 8, 2005 |  |
| 3,784,814 | COACH OP ART | 9 for eyeglasses and sunglasses. | May 4, 2010 |  |
| 4,365,899 | COACH OP ART | 9 for Protective covers and cases for cell phones, laptops and portable media players | July 9, 2013 |  |
| 4,105,636 | COACH OP ART | 14, 18, 25 for Jewelry, watches, wallets, handbags, belts, hats, scarves, shoes, coats, gloves and t-shirts. | February 28, 2012 |  |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* handbags, wallets, umbrellas, hats, scarves, belts, coats, shoes and fabrics for the manufacturing of clothing, shoes and handbags. | October 13, 2009 |  |
| 4,391,741 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 3 for After-shave; Body lotions; Fragrances; Make-up; Perfumes; Soaps for personal use | August 27, 2013 |  |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 4,296,582 | COACH EST. 1941 NEW YORK | 14,16,18 and 25 for jewelry and watches, handbags, leather credit card cases, purses, shoulder bags, wallets, belts, coats, t-shirts, hats, gloves, shoes, day planners. | February 26, 2013 | |
| 4,359,191 | COACH EST. 1941 NEW YORK | 9 for Protective covers and cases for cell phones, laptops and portable media players. | June 25, 2013 | |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets, coats and shoes. | June 12, 2007 | |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks, purses, wallets, and shoulder bags. | November 11, 2007 | |
| 3,149,330 | C & LOZENGE LOGO | 14 for watches. | September 26, 2006 | |
| 2,162,303 | COACH & TAG DESIGN | 25 for belts. | June 2, 1998 | |
| 4,334,351 | COACH & TAG | 9 for Protective covers and cases for cell phones, laptops and portable media players. | May 14, 2013 | |
| 3,685,590 | COACH & TAG | 14 for Bracelets; Earrings; Jewelry; Necklaces; Rings being jewelry; Watches | September 22, 2009 | |

11

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,707 | COACH & TAG DESIGN | 18 for briefcases, handbags, satchels, tote bags, duffle bags, cosmetic bags, luggage. | August 19, 1997 | |
| 3,908,558 | POPPY | 9 for eyeglasses and sunglasses. | January 18, 2011 | POPPY |
| 3,812,170 | POPPY | 18 for *inter alia* backpacks, briefcases, leather key chains, bags, wallets and billfolds. | June 29, 2010 | POPPY |

14.     Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products under the Coach Trademarks. These registrations are valid and subsisting and the majority are incontestable. All registrations originally held in the name of Coach's predecessors, Sara Lee corporation and Saramar corporation, were assigned in full to Coach on or about October 2, 2000.

15.     The registration of the Coach trademarks constitutes prima facie evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

16.     The registration of the Coach Trademarks also provides constructive

notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

17.     The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

18.     The Coach Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

19.     As a result of extensive use and promotion, the Coach Trademarks have acquired a favorable reputation to consumers as an identifier and symbol of Coach and their products, services, and goodwill. Accordingly, Coach is the owner of broad common-law and federal trademark rights in the Coach Trademarks.

**C. Defendants' Infringing Conduct**

20.     Upon information and belief, Defendant Jeans Warehouse owns and operates a chain of retail clothing and accessory stores at various locations within this judicial district.

21.     In or around October, 2013, Coach discovered that Jeans Warehouse had been selling and/or offering for sale products bearing a mark confusingly similar to the Coach Trademarks, including but not limited to the Signature C Mark, through its retail stores located at 98-1005 Moanalua Road, #508, Aiea, Oahu,

Hawaii 96701; Ala Moana Boulevard, #1066, Honolulu, Oahu, Hawaii 96814; and

275 Ka'ahumanu Avenue, #1234, Kuhului, Maui, Hawaii 96732.

22.    Such infringing products include, but are not limited to, the following

merchandise:



23.    Upon information and belief, Defendant J & H Trading is the supplier,

distributor, and/or manufacturer of the infringing products and has offered for sale

and/or sold these infringing products to various resellers and/or retailers within this

judicial district, including Jeans Warehouse.

24.     Upon information and belief, Defendants may be offering for sale additional merchandise bearing marks confusingly similar to or substantially indistinguishable from the many Coach Marks.

25.      Defendants are not authorized by Coach to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing any of Plaintiffs' federally registered trademarks and/or copyrights.

## FIRST CLAIM FOR RELIEF
### (Trademark Counterfeiting)

26.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

27.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Trademarks in interstate commerce.

28.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' infringing products are genuine or authorized products of Coach.

29.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Trademarks.

30.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

31.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

32.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

33.     Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

34.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Trademarks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of

this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages

pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C §

1117(c).

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement)

35.     Plaintiffs incorporate herein by reference the averments of the

preceding paragraphs as though fully set forth herein.

36.     Plaintiffs' Coach Trademarks are nationally recognized, including

within the District of Hawaii, as being affixed to goods and merchandise of the

highest quality and coming from Plaintiffs.

37.     The registrations embodying the Coach Trademarks are in full force

and effect and Plaintiffs have authorized responsible manufacturers and vendors to

sell merchandise with these marks.

38.     Defendants' unauthorized use of the Coach Trademarks in interstate

commerce and advertising relating to same constitutes false designation of origin

and a false representation that the goods and serves are manufactured, offered,

sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come

from the same source as Plaintiffs' goods and are of the same quality as that assured

17

by the Coach Trademarks.

39.     Defendants' infringing use of the Coach Trademarks is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control their trademarks.

40.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

41.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiffs and reap the benefit of Plaintiffs' goodwill associated with Plaintiffs' trademarks.

42.     As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiffs have been injured and will continue to suffer injury to their business and reputation unless Defendants are restrained by this Court from infringing Plaintiffs' trademarks.

43.     Plaintiffs have no adequate remedy at law.

44.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Trademarks, including but not limited to the CC Mark, or any marks identical and/or confusingly similar thereto, for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## THIRD CLAIM FOR RELIEF

### (Trade Dress Infringement)

45.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

46.     Coach has used the Signature C Mark in association with the sale of goods since as early as 2001.  Many of Coach's products feature the CC Mark in a repeating pattern in various sizes, colors, and patterns ("CC Design")

47.     The CC Design is nonfunctional and its inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Coach as

the source of high quality goods.

48.     Defendants' unauthorized use of the CC Design on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods when in fact they do not.

49.     Defendants' use of the CC Design is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights to control their trademarks.

50.     Defendants' use of the CC Design is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

51.     Plaintiffs have no adequate remedy at law.

52.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the CC Design, or any designs identical or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages

obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (False Designations of Origin and False Advertising)

53.    Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

54.    The Coach Trademarks and CC Design are nonfunctional and their inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Coach as the source of high quality goods.

55.    Defendants' unauthorized use of Plaintiffs' Coach Trademarks and CC Design on their merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiffs or come from the same source as Plaintiffs' goods when in fact they do not.

56.    Defendants' use of Plaintiffs' Coach Trademarks and CC Design is without Plaintiffs' permission or authority and in total disregard of Plaintiffs' rights

21

to control their trademarks.

57.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

58.     Plaintiffs have no adequate remedy at law.

59.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Coach Trademarks and CC Design, or any marks and/or designs identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Deceptive Trade Practices – HRS § 481A)

60.     Plaintiffs incorporate herein by reference the averments of the preceding paragraphs as though fully set forth herein.

22

61.     Defendants' use of Plaintiffs' Coach Marks in commerce in connection with the sale of its products constitutes a deceptive trade practice pursuant to HRS § 481A et seq.

62.     The actions of Defendants, in the course of their business, vocation, or occupation, cause likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

63.     By reason of the foregoing, Plaintiffs are being damaged by Defendants' unauthorized use of Plaintiffs' trademarks in the manner set forth above and will continue to be damaged unless Defendants are immediately enjoined from using any of Plaintiffs' trademarks.

64.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Coach Marks, or any marks and/or designs identical and/or confusingly similar thereto, for any purpose, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

**PRAYER FOR RELIEF**

23

**WHEREFORE**, Plaintiffs respectfully pray that this Court enter judgment in their favor and against Defendants as follows:

A.      Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

(1)      Using the Coach Trademarks and/or CC Design or any marks confusingly similar thereto, in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

(2)      Using any of Coach's federally registered trademarks, copyrighted works, and/or designs in connection with the manufacturing, distribution, advertising, offering for sale, and/or sale of merchandise;

(3)      Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with, Coach;

(4)      Otherwise infringing upon Coach's federally registered trademarks, copyrighted works, and/or trade dresses;

(5)      Otherwise diluting Coach's federally registered trademarks,

24

copyrighted works, and/or trade dresses;

      (6)     Unfairly competing with Coach.

B.     Awarding actual damages suffered by Plaintiffs as a result of Defendants' acts;

C.     Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

D.     Ordering Defendants to disgorge their profits;

E.     Awarding Plaintiffs all of Defendants' profits and all damages sustained by Plaintiffs as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

F.     Awarding treble damages in the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b).

G.     Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b);

H.     Awarding Plaintiffs statutory damages pursuant to 15 U.S.C. §1117(c).

I.      Awarding Plaintiffs such other and further relief as the Court deems

just and proper.


 Dated:  January 22, 2015                    BLAKELY LAW GROUP


                                        By:    /s/   Michael Marchand
                                               Brent H. Blakely *(pro hac vice)*
                                               Michael Marchand *(pro hac vice)*
                                               **Attorneys for Plaintiffs Coach, Inc.**
                                                **and Coach Services, Inc.**




## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs

hereby demand a trial by a jury of all claims in this litigation.


Dated:  January 22, 2015                    Respectfully Submitted,


                                        By:    /s/   Michael Marchand
                                               Brent H. Blakely *(pro hac vice)*
                                               Michael Marchand *(pro hac vice)*
                                               **Attorneys for Plaintiffs Coach,**
**Inc.**
                                                **and Coach Services, Inc.**