Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

LOUISE K. Y. ING        2394
KRISTIN L. HOLLAND     10063
MAILE OSIKA             9826
Suite 1800

1001 Bishop Street
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:  ling@ahfi.com
        kholland@ahfi.com
        mosikda@ahfi.com

Attorneys for Defendant
J & H TRADING, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation,<br><br>         Plaintiffs,<br><br>     vs.<br><br>JEANS WAREHOUSE, INC., a Hawaii Corporation; J & H TRADING, INC.; and DOES 1-10, inclusive;<br><br>         Defendants. | Case No. CV 14-00475 SOM-RLP<br><br>DEFENDANT J & H TRADING, INC.'S **ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT [DKT 17]; DEMAND FOR JURY TRIAL**; CERTIFICATE OF SERVICE<br><br><br><br>Trial Date:      Not Set |

## DEFENDANT J & H TRADING, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT [DKT 17]

Defendant J & H TRADING, INC. ("J & H"), by and through its attorneys, Alston Hunt Floyd & Ing, answers the First Amended Complaint ("Complaint") of Plaintiffs COACH, INC., and COACH SERVICES, INC., filed herein on January 22, 2015, as follows:

### FIRST DEFENSE

1.      The Complaint and the claims therein fail to state a claim against J & H upon which relief may be granted.

### SECOND DEFENSE

2.      J & H lacks sufficient information and belief to answer the allegations of Paragraphs 1, 2, 4, 5, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21 of the Complaint and, on that basis, denies those allegations.

3.      Answering paragraphs 6 and 7 of the Complaint, J & H states that the statutes referenced therein speak for themselves, and to the extent that said paragraphs call for a legal conclusion, no response is required.  Except as so stated, J & H denies the remaining allegations contained in paragraphs 6 and 7.

-2-

4.     J & H admits the allegations of Paragraph 3 of the

Complaint.

5.     J & H denies the allegations of Paragraphs 8, 9, 22, 23,

24, and 25 of the Complaint.

## FIRST CLAIM FOR RELIEF
## (Trademark Counterfeiting)

6.     In response to Paragraph 26 of the Complaint, J & H

repeats and realleges its answers to paragraphs 1 through 25 of the

Complaint.

7.     J & H denies the allegations of Paragraphs 27, 28, 29,

30, 31, 32, 33 and 34 of the Complaint.

## SECOND CLAIM FOR RELIEF
## (Federal Trademark Infringement)

8.     In response to Paragraph 35 of the Complaint, J & H

repeats and realleges its answers to paragraphs 1 through 34 of the

Complaint.

9.     J & H denies the allegations of Paragraphs 36, 37, 38,

39, 40, 41, 42, 43 and 44 of the Complaint.

929605v1/11936-1

## THIRD CLAIM FOR RELIEF
### (Trade Dress Infringement)

10.   In response to Paragraph 45 of the Complaint, J & H repeats and realleges its answers to paragraphs 1 through 44 of the Complaint.

11.   J & H denies the allegations of Paragraphs 46, 47, 48, 49, 50, 51, and 52 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### (False Designations of Origin and False Advertising)

12.   In response to Paragraph 53 of the Complaint, J & H repeats and realleges its answers to paragraphs 1 through 52 of the Complaint.

13.   J & H denies the allegations of Paragraphs 54, 55, 56, 57, 58 and 59 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### (Deceptive Trade Practices – HRS § 481A)

14.   In response to Paragraph 60 of the Complaint, J & H repeats and realleges its answers to paragraphs 1 through 59 of the Complaint.

15.   J & H denies the allegations of Paragraphs 61, 62, 63 and 64 of the Complaint.

929605v1/11936-1

16.   Any allegation not specifically admitted above is denied.

## THIRD DEFENSE

17.   J & H may rely on the defenses of estoppel, unclean hands, waiver and/or justification.

## FOURTH DEFENSE

18.   J & H may rely on the doctrine of laches in that Plaintiffs have unreasonably delayed in bringing this action by failing to exercise reasonable diligence, and this delay has prejudiced J & H.

## FIFTH DEFENSE

19.   J & H may rely on the doctrine of acquiescence in that Plaintiffs acquiesced to the alleged infringement.

## SIXTH DEFENSE

20.   J & H may rely on the defense that Plaintiffs' claims are barred on the grounds that Plaintiffs' alleged marks are not inherently distinctive and have not acquired distinctiveness.

## SEVENTH DEFENSE

21.   J & H may rely on the defense that Plaintiffs' claims are barred by their failure to mitigate damages.  Any damages awarded to Plaintiffs should be barred or reduced accordingly.

## **EIGHTH DEFENSE**

22.   J & H may rely on the defense that Plaintiffs have not sustained any injury or damage as a result of any act or conduct of J & H, and J & H has at all times acted with innocent intent in that it acted in good faith, innocent of any knowledge or intent to infringe Plaintiffs' purported rights or to cause damage to Plaintiffs.

## **NINETH DEFENSE**

23.   J & H may rely on the defense of Fair Use under the 1st Amendment and related case law (i.e. *Rogers v. Grimaldi*), under which J & H's alleged use of any designs which are allegedly similar to Plaintiffs' marks is not actionable, because J & H's use is artistically relevant to J & H's products, and this artistic use does not mislead as to the source or origin of the products.

## **TENTH DEFENSE**

24.   Upon information and belief, Plaintiffs' claims are barred because of their anti-competitive intent and conduct, their misuse of their purported trademarks, and their abuse of judicial process for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

929605v1/11936-1

## ELEVENTH DEFENSE

25.   Upon information and belief, Plaintiffs' claims are barred because Plaintiffs have failed to join indispensable parties, including, without limitation, others in the supply chain for the allegedly infringing goods and/or others which claim an ownership interest in the alleged marks, which parties are necessary for a full and complete adjudication of Plaintiffs' claims, as required by Rule 19 of the Federal Rules of Civil Procedure, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## TWELFTH DEFENSE

26.   Upon information and belief, J & H alleges that other persons or entities, the true names and capacities of whom and which J & H is ignorant, were in some manner responsible for, or otherwise at fault for, the allegations alleged in the Complaint.

## THIRTEENTH DEFENSE

27.   J & H asserts that, to the extent Plaintiffs prove that they are entitled to recover any of J & H's profits, such recovery is limited to that portion of profit which is attributable to the alleged infringement, not the entirety of J & H's profits.

929605v1/11936-1

## **FOURTEENTH DEFENSE**

28.   J & H is not liable for trademark infringement, false designation of origin, or under any other claims alleged in the Complaint, because J & H's use of the infinity design at issue is purely for aesthetic purposes and consumers merely recognize the infinity design for its attractiveness and not as an identification of source of origin.

## **FIFTEENTH DEFENSE**

29.   Plaintiffs' claims fail because some or all of the marks at issue are common and generic symbols not entitled to protection, or have become generic due to extensive third party use.

30.   J & H reserves the right to assert additional affirmative defenses that may be revealed through investigation or discovery.

WHEREFORE, Defendant J & H prays that:

a.   The Complaint against Defendant J & H be dismissed, and Plaintiffs take nothing from Defendant J & H by way of their Complaint;

b.   Defendant J & H be awarded its costs herein, including reasonable attorneys' fees; and

929605v1/11936-1

c.      Defendant J & H be granted such other and further relief

as this Court may deem just and proper.

DATED: Honolulu, Hawai`i, March 31, 2015.

/s/ Kristin L. Holland
LOUISE K. Y. ING
KRISTIN L. HOLLAND
MAILE OSIKA

Attorneys for Defendant
J & H TRADING, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation, | Case No. CV 14-00475 SOM-RLP<br><br>DEMAND FOR JURY TRIAL |
| Plaintiffs, | |
| vs. | |
| JEANS WAREHOUSE, INC., a Hawaii Corporation; J & H TRADING, INC.; and DOES 1-10, inclusive; | |
| Defendants. | |

## **DEMAND FOR JURY TRIAL**

Defendant J & H TRADING, INC., hereby demands trial by jury on all issues so triable in this action pursuant to Federal Rule of Civil Procedure 38.

DATED: Honolulu, Hawai`i, March 31, 2015.

/s/ Kristin L. Holland
LOUISE K. Y. ING
KRISTIN L. HOLLAND
MAILE OSIKA

Attorneys for Defendant
J & H TRADING, INC.

-1-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| COACH, INC., a Maryland Corporation; COACH SERVICES, INC., a Maryland Corporation, | Case No. CV 14-00475 SOM-RLP |
| | CERTIFICATE OF SERVICE |
| Plaintiffs, | |
| vs. | |
| JEANS WAREHOUSE, INC., a Hawaii Corporation; J & H TRADING, INC.; and DOES 1-10, inclusive; | |
| Defendants. | |
| | Trial Date:       Not Set |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served Electronically through CM/ECF:

| | | |
|---|---|---|
| Gary M. Levitt | levitt@hawaii.rr.com | March 31, 2015 |
| Brent H. Blakely | bblakeley@blakelylawgroup.com | March 31, 2015 |
| Jessica Covington | jcovington@blakelylawgroup.com | March 31, 2015 |

Attorneys for Plaintiffs
COACH, INC., and COACH SERVICES, INC.

Shannon L. Wack      swack@rlhlaw.com      March 31, 2015

Attorney for Defendant
JEANS WAREHOUSE, INC.

     DATED: Honolulu, Hawai`i, March 31, 2015.

                /s/ Kristin L. Holland
                LOUISE K. Y. ING
                KRISTIN L. HOLLAND
                MAILE OSIKA

                Attorneys for Defendant
                J & H TRADING, INC.

929605v1/11936-1